IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARIO ERNESTO AMAYA,<br>8600 Sumter Lane<br>Clinton, MD 20735<br><br>JOSE NORLAND GONZALEZ<br>6917 Decatur Place<br>Hyattsville, MD 20784<br><br>JOSE AMADEO CASTILLO<br>4204 Fairglen Drive<br>Alexandria, VA 22309<br><br>      Plaintiffs,<br><br>v.<br><br>DGS CONSTRUCTION, LLC<br>d/b/a SCHUSTER CONCRETE<br>CONSTRUCTION<br>3717 Crondall Lane<br>Owings Mills, MD 21117<br><br>THE WHITING-TURNER CONTRACTING<br>COMPANY<br>300 E. Joppa Road<br>Towson, MD 21286<br><br>      Defendants. | No. _____<br>(Removed from the Circuit Court<br>for Prince George's County, Maryland<br>Case No. CAL16-28738) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT NOTICE OF REMOVAL

Defendants The Whiting-Turner Contracting Company ("Whiting-Turner"), and DGS Construction, LLC d/b/a Schuster Concrete Construction ("Schuster") (collectively, "Defendants"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1331 and 1441, respectfully remove to this Court a civil lawsuit filed by Plaintiffs Mario Ernesto Amaya, Jose Norland Gonzalez, and Jose Amadeo Castillo ("Plaintiffs") in the Circuit Court for Prince George's County, Maryland, Case No. CAL16-28738. Without admitting any of the allegations

1

of the Complaint, Defendants' grounds for removing this action are as follows:

    1.    On or about July 15, 2016, Plaintiffs filed a five-count class action lawsuit against Defendants. Plaintiffs are former employees of Defendant Schuster who worked as carpenters at the MGM Resort Casino at National Harbor in Prince George's County, Maryland. See Compl. at ¶ 1. Plaintiffs, members of Laborers' International Union of North America, Local 710 (the "Union"), allege that Defendants breached their "Project Labor Agreement for MGM Resort Casino at National Harbor" (the "Labor Agreement") with the Union because Defendant Schuster failed to pay Plaintiffs wages and fringe benefits as required by the Labor Agreement. See Compl. at ¶¶ 15, 22, 40, 53, 66. No other proceedings have occurred in this lawsuit before the Circuit Court for Prince George's County.[1]

    2.    Plaintiffs seek recovery of alleged unpaid wages under several theories. In count I, Plaintiffs seek a declaratory judgment against both Defendants that, *inter alia*, certifies their lawsuit as a class action and declares that Plaintiffs are third-party beneficiaries of the Labor Agreement. In count II, Plaintiffs allege that both Defendants breached the Labor Agreement. Specifically, Plaintiffs allege that Defendant Schuster breached the Labor Agreement by failing to pay Plaintiffs the wages required under the Labor Agreement. See Compl. at ¶¶ 105-06. Plaintiffs also allege that Defendant Whiting-Turner breached the provision of the Labor Agreement requiring it to assure compliance with the Labor Agreement by signatories to the Labor Agreement, such as Defendant Schuster. See Compl. at ¶ 107. In count III, Plaintiffs allege a claim under the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 et seq. ("MWHL") against Defendant Schuster. In count IV, Plaintiffs

---

[1] Plaintiffs' complaint is contained in Exhibit 1. In accordance with 28 U.S.C. § 1446(a) and Local Rule 103.5(a), Exhibit 1 is comprised of all process, pleadings, papers, and orders that have been served upon Defendants in the state court lawsuit that is being removed.

allege a claim under the Maryland Wage Payment Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 et seq. ("MWPCL") against Defendant Schuster. In Count V, Plaintiffs allege unjust enrichment against Defendant Schuster.

    3.  On September 6, 2016, Plaintiff's Complaint was served on Defendant Schuster's registered agent.

    4.  On September 8, 2016, Plaintiff's Complaint was served on Defendant Whiting-Turner's registered agent.

    5.  This action is removable to this Court because it falls within the original federal question jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1441(b). Claims (like those in the Complaint) that are founded upon, and necessarily will require the Court to interpret, a labor agreement with Plaintiffs' union arise under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), and are completely preempted by the LMRA. See Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 561 (1968) (case was properly removed to federal court on basis of section 301 preemption where heart of complaint alleged breach of labor agreement).

    6.  Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Consequently, it is well-settled that "[s]ection 301 … establishes federal subject matter jurisdiction over employment disputes covered by a collective bargaining agreement and directs federal courts to fashion a uniform body of federal common law applicable to such disputes." Foy v. Giant Food, Inc., 298 F.3d 284, 287 (4th Cir. 2002). As the

Fourth Circuit has observed, "[t]he 'preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation' of [labor agreements]." Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983)). Accordingly, "[a] state law claim is preempted when resolution of the claim requires the interpretation of a [labor] agreement, or is inextricably intertwined with consideration of the terms of the labor contract." Id. (citation omitted).

7. All of Plaintiffs' claims are predicated on their assertion that Defendants failed to abide by the terms of the Labor Agreement. As a result, the resolution of Plaintiffs' claims necessarily requires the Court to interpret the Labor Agreement. Indeed, Plaintiffs even request in their Complaint that the Court interpret the Labor Agreement and issue a declaratory judgment that Plaintiffs are "third-party beneficiaries of the Agreement." Compl. at p. 17.

8. To the extent that any of Plaintiffs' state law claims are not preempted by section 301, these claims are closely related to the claims over which the Court has original jurisdiction and arise from a common nucleus of operative facts. Therefore, pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over these claims. In addition, the Court has discretionary authority pursuant to 28 U.S.C. § 1441(c) to adjudicate these claims.

9. This Joint Notice of Removal is filed within 30 days after the earliest service of the Complaint.

10. Both Defendants, through their counsel, join in the removal of the state court action styled as Amaya, et al. v. DGS Construction, LLC d/b/a Schuster Concrete Construction, et al., Case No. CAL16-28738, to this Court. As a result, all Defendants are either joining in this notice of removal or consent to removal.

11. A copy of this Joint Notice of Removal is being served upon Plaintiffs

4

through their counsel of record and with the Clerk of the Circuit Court for Prince George's County, Maryland.

WHEREFORE, Defendants respectfully request the lawsuit now pending in the Circuit Court for Prince George's County be removed from there to this Court, and that further proceedings in this action be conducted in this Court as provided by law.

Respectfully submitted,

*/s/ Lillian L. Reynolds*
Ronald W. Taylor, Bar No. 03890
Lillian L. Reynolds, Bar No. 30225
Venable LLP
750 E. Pratt St., Suite 900
Baltimore, MD 21202
(410) 244-7400 (phone)
(410) 244-7742 (fax)
rwtaylor@venable.com
llreynolds@venable.com

Counsel for Defendant The Whiting-Turner Contracting Company

*/s/ Patrick J. Stewart with permission/ LLR*
Patrick J. Stewart, Bar. No. 09919
Stewart Law, LLC
P.O. Box 6420
Annapolis, Maryland 21401-0420
(410) 934-3222 (phone)
Pat@patlaw.us

William Allen, Bar No. 16816
Littler Mendelson, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
202.772.2538 (phone)
202.330.5029 (fax)
BAllen@littler.com

Counsel for Defendant DGS Construction, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of October 2016, a copy of the foregoing Joint Notice of Removal was sent via electronic mail and U.S. mail, postage prepaid, to:

>Brian J. Markovitz
>Joseph M. Creed
>Joseph, Greenwald & Laake, P.A.
>6404 Ivy Lane, Suite 400
>Greenbelt, MD 20770
>(301) 220-2200 (phone)
>bmarkovitz@jgllaw.com
>jcreed@jgllaw.com
>
>Counsel for Plaintiffs

_____
Lillian L. Reynolds