## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| MARIO ERNESTO AMAYA et al., <br><br> Plaintiffs <br><br> v. <br><br> DGS CONSTRUCTION, LLC, <br> d/b/a SCHUSTER CONCRETE <br> CONSTRUCTION, et al. <br><br> Defendants. | Civ. Action No. 8:16-cv-03350-TDC |

### DEFENDANT DGS CONSTRUCTION, LLC'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, Defendant DGS Construction, LLC ("DGS" or "Defendant"), respectfully moves this Court to enter judgment as a matter of law in favor of DGS with respect to the Overtime Fringe Benefit Class as represented by Plaintiffs Mario Ernesto Amaya and Jose Norlan Gonzalez. The Court should grant the Motion because Plaintiffs did not introduce evidence to establish the three required elements of their unjust enrichment claim.

1. First, Plaintiffs did not show they conferred a benefit on DGS. Plaintiffs argued they conferred a benefit on DGS when DGS did not pay them fringe benefits on overtime. However, Plaintiffs did not introduce any documentary or testimonial evidence that DGS made a voluntary decision that Maryland prevailing wage law would apply to their employment with DGS on the MGM project and that such law included the requirement to pay fringe on overtime.

2. Second, Plaintiffs did not establish evidence DGS had knowledge it received a benefit. Lorraine Burns ("Ms. Burns"), DGS's Chief Financial Officer, the last witness to testify at trial, consistently testified that she did not agree DGS was required by state law to pay fringe on overtime.

3. Third, Plaintiffs did not introduce evidence DGS retained the alleged benefit under "inequitable circumstances." Plaintiffs argued that because they were not paid cash fringe on overtime hours, they did not receive "the full value" of all of the hours they worked. Nonetheless, the evidence concerning the purpose of cash fringe benefit payments did not support Plaintiffs' argument. Viewing the record concerning the parties' circumstances, interactions, intentions, and reasonable expectations in a light most favorable to Plaintiffs, there is insufficient evidence to support a conclusion that equity requires DGS to go back and pay Plaintiffs fringe benefits on the overtime hours they worked.

WHEREFORE, for the foregoing reasons and for the reasons more fully set forth in the accompanying Memorandum in Support, DGS respectfully requests the entry of a judgment in its favor with respect to the Overtime Fringe Benefit Class as represented by Plaintiffs Mario Ernesto Amaya and Jose Norlan Gonzalez.

Respectfully submitted,

/s/ Stephen M. Silvestri
Stephen M. Silvestri (Bar No. 01950)
Donald E. English, Jr. (Bar No. 27534)
Mary M. McCudden (Bar No. 20760)
Courtney A. Woods (Bar No. 21820)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Fax: (410) 415-2001
Stephen.Silvestri@jacksonlewis.com
Donald.English@jacksonlewis.com
Mary.McCudden@jacksonlewis.com
Courtney.Woods@jacksonlewis.com

*Counsel for Defendant, DGS Construction, LLC
d/b/a Schuster Concrete Construction*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2021, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

/s/ Mary M. McCudden
Mary M. McCudden (Bar No. 20760)