## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

MARIO ERNESTO AMAYA and
JOSE NORLAND GONZALEZ,

      Plaintiffs,

v.

DGS CONSTRUCTION, LLC,
D/B/A SCHUSTER CONCRETE
CONSTRUCTION,

      Defendant.

Civil Action No. TDC-16-3350

## MEMORANDUM ORDER

Plaintiffs Mario Ernesto Amaya and Jose Norland Gonzalez filed a civil action against

Defendant DGS Construction, LLC d/b/a Schuster Concrete Construction ("Schuster"), in which

they alleged violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab.

& Empl. §§ 3–401 to 3–431 (LexisNexis 2020), and the Maryland Wage Payment and Collection

Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3–501 to 3–509, as well as state law breach

of contract and unjust enrichment claims. The Court granted class certification as to two proposed

classes. On June 17, 2021, after a four-day jury trial, Plaintiffs prevailed on the unjust enrichment

claim as to one of the two classes.

On July 26, 2021, pursuant to the parties' pretrial stipulations, the Court entered judgment

against Schuster in the amount of $1,196,601.96 as of July 14, 2021, plus interest at the legal rate

thereafter until payment of the judgment. By agreement of the parties, the total judgment with

post-judgment interest to October 16, 2023 is $1,198,760.84. Where the parties agree that post-

judgment interest accrues at $2.62 per day, the total judgment with post-judgment interest to

November 27, 2023 is $1,198,870.88, or $110.04 greater than the parties' agreed-upon amount as of October 16, 2023. Plaintiffs have now filed an Amended Motion for Attorney's Fees and Costs, which will be construed together with Plaintiffs' earlier-filed Motion for Attorney's Fees and Costs, ECF No. 353, (collectively, "the Motion").

In the Motion, Plaintiffs seek an award of attorney's fees and costs pursuant to Federal Rule of Civil Procedure 23(h), which allows the Court in a certified class action to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In doing so, the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(3). "A class member, or a party from whom payment is sought, may object to the motion." Fed. R. Civ. P. 23(h)(2). Though the Court "may hold a hearing," Fed. R. Civ. P. 23(h)(3), where no class member or party has objected to Plaintiffs' Motion, and the issues are adequately addressed in the briefing, the Court finds that no hearing is necessary.

Rule 52(a) requires a court to "find the facts specially and state its conclusions of law separately" and allows presentation of those factual findings and conclusions of law "in an opinion or a memorandum of decision filed by the court." Fed. R. Civ. P. 52(a)(1). Pursuant to Rule 52(a), the Court now provides its findings of fact and conclusions of law. For the reasons set forth below, the Motion will be GRANTED.

## FINDINGS OF FACT

1.    The factual background and procedural history of this case are set forth in the Court's July 10, 2018 Memorandum Opinion and Order on Plaintiffs' Motion for Class Certification and Motion for Leave to Amend the Complaint, ECF Nos. 152, 153, as well as in the Court's January

2

21, 2022 Memorandum Opinion and Order on Schuster's Motion for a Judgment as a Matter of Law, ECF Nos. 328, 329, which are incorporated by reference.

2.       The Court certified both an "Overtime Fringe Benefit Class" consisting of "all current and former employees who were employed in any craft worker classification by Defendant Schuster at the MGM Resort Casino at National Harbor and worked overtime hours," as well as a "Carpenter Class" of "all current and former employees who were employed by Defendant Schuster at the MGM Resort Casino at National Harbor and performed carpentry work." Class Cert. Mem. Op. at 6, 11, 16, ECF No. 152.

3.       After pretrial motions, the jury trial proceeded on only the unjust enrichment claims. After trial, the jury returned a verdict in favor of Plaintiffs on the unjust enrichment claim as to the Overtime Fringe Benefit Class but returned a verdict in favor of Schuster on the claim as to the Carpenter Class. By stipulation of the parties, the Court found that damages for the Overtime Fringe Benefit Class totaled \$1,196,601.96 and entered judgment in favor of Plaintiffs in that amount plus interest.

4.       Plaintiffs filed a timely Motion for Attorney's Fees and Costs. In setting a briefing schedule, the Court ordered that any objections were to be filed by September 1, 2023. No objections have been filed.

5.       In the Motion, Plaintiffs have requested \$399,586.95 in attorney's fees, representing one-third of the judgment in this case, \$234,491.55 in nontaxable costs, and \$20,000 in incentive awards for each of the two named Plaintiffs, for a total of \$674,078.50.

6.       Class counsel worked a total of 6,452.70 hours on this case through May 2023. Using their billing rates ranging from \$385.00 to \$560.00 per hour, a lodestar calculation of the attorney's fees actually billed on this case totals \$2,063,547.92.

7.     Over the seven-year span of this case, the litigation has included removal of the case from state court, a motion for class certification, motions for summary judgment, two appeals to the United States Court of Appeals for the Fourth Circuit, and a jury trial.  Schuster vigorously contested this case through every stage and thus required class counsel to expend tremendous resources to achieve a favorable outcome.  Accordingly, the number of hours expended by Plaintiffs' counsel was reasonably necessary to achieve the final result.

8.     The $234,491.55 in non-taxable costs sought through the Motion includes $234,013.80 in expert witness costs relating to the work of Colleen Vallen, an economic expert who reviewed voluminous payroll records to calculate the damages in this case.  Based on Vallen's work, the parties stipulated to the amount of damages to be paid to the Overtime Fringe Benefit Class.  The retention of the expert witness and her work were reasonably necessary to achieve a favorable result and led to a substantial saving of time and resources that otherwise would have to have been expended by the parties and the court to resolve the issue of damages at trial.

**9.**     Schuster does not object to oppose Plaintiffs' requests relating to attorney's fees and costs.

## CONCLUSIONS OF LAW

1.     Federal Rule of Civil Procedure 23(h) allows the Court in a certified class action to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

### I.     Attorney's Fees

2.     In a class action case, "[t]here are two main methods for calculating the reasonableness of attorneys' fees—the lodestar method and the percentage-of-recovery method." *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022).  "A district court may choose the method it deems appropriate based on its judgment and the facts of the case." *Id.* "The lodestar method calculates

4

reasonable fees by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* (quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). "There is a strong presumption that the lodestar figure is reasonable." *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)). "The percentage-of-recovery method considers the portion of the total settlement fund that will go to attorneys' fees." *Id*.

3. Here, where Plaintiffs seek attorney's fees under the percentage-of-recovery method, and the fees thus sought are substantially lower than those that would be awarded pursuant to the lodestar calculation, the percentage-of-recovery method is appropriately applied in this case.

4. In assessing the reasonableness of an award under the percentage-of-recovery method, a court may consider the following seven factors: "(1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the . . . fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public policy." *Feinberg v. T. Rowe Price Grp., Inc.*, 610 F. Supp. 3d 758, 771 (D. Md. 2022) (quoting *Singleton v. Domino's Pizza*, 976 F. Supp. 2d 665, 682 (D. Md. 2013)).

5. In this case, these factors collectively support the proposed fee award. The results obtained for the Overtime Fringe Benefit Class were favorable. Class counsel demonstrated quality, skill, and efficiency during protracted litigation of significant complexity and duration, including numerous substantive motions, interlocutory appeals, and a jury trial. Class counsel took the case on a contingency basis and thus endured a serious risk of non-payment, and awards of 33 percent of the common fund are granted in similar class action cases involving unpaid employee compensation. Where the result provides deterrence to employers who may not pay employees in accordance with the law, public policy favors the proposed attorney's fee award to incentivize

5

counsel to take on such cases. Finally, there have been no objections to the Motion from class members.

6.      Accordingly, the Court concludes that the requested attorney's fees of one-third of the common fund are reasonable and will award class counsel $399,586.95 in attorney's fees.

**II.     Costs**

7.      Under Rule 23(h), the Court may also award reasonable costs. *See* Fed. R. Civ. P. 23(h). Reasonable costs include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *See, e.g.*, *Feinberg*, 610 F. Supp. 3d at 773 (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)).

8.      $234,013.80 out of the $234,491.55 in costs sought by Plaintiffs consist of expenses relating to Plaintiffs' economic expert on damages. Although this amount is significant, class counsel properly engaged an expert witness on damages, whose work resulted in a stipulation by the parties and thus saved substantial time and expense for the parties at trial. The amount is justifiable because of the voluminous records that had to be considered and the complexity of the project. The Court therefore concludes that the requested costs are reasonable and will award class counsel $234,491.55 in costs.

**III.    Incentive Awards**

9.      "Incentive awards are 'intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.'" *Berry v. Schulman*, 807 F.3d 600, 613 (4th Cir. 2015) (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009)).

6

10.     Plaintiffs endured substantial risk by serving as class representatives for over seven years in that there was the potential for other construction industry employers to refrain from hiring them.   Where the Overtime Fringe Benefit Class obtained a significant judgment, the Court concludes that the requested incentive awards are reasonable and will award each of the two named plaintiffs a $20,000 incentive award.

### CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.      Plaintiffs' Motion for Attorney's Fees and Costs, ECF Nos. 353, 359, is GRANTED.

2.      Plaintiffs are awarded a total of $674,060.50 from the common fund, divided as follows:

    a.      $399,586.95 in attorney's fees;

    b.      $234,491.55 in costs;

    c.      $20,000.00 as an incentive fee to Plaintiff Mario Ernesto Amaya; and

    d.      $20,000.00 as an incentive fee to Plaintiff Jose Norland Gonzalez.

3.      Schuster's Consent Motion to Extend Time to Respond, ECF No. 364, is DISMISSED AS MOOT.

Date:   November 27, 2023

THEODORE D. CHUANG
United States District Judge